IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| PAN AM DENTAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 418-288 |
| | ) | |
| JOSHUA TRAMMELL and NEWHOPE DENTAL LAB LLC, | ) ) | |
| | ) | |
| Defendants.[1] | ) | |

**O R D E R**

Before the Court are Defendants' Second Motion to File Documents Under Seal, Defendants' Third Motion to File Documents Under Seal, Plaintiff Pan Am Dental, Inc.'s Motion to File Documents Under Seal, and Plaintiff's Motion for Discovery Under Federal Rule of Civil Procedure 56(d). (Doc. nos. 25, 49, 52, 55.)

**I.  Motions to Seal**

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally

---

[1] The Court **DIRECTS** the **CLERK** to update the docket with the correct spelling of Plaintiff's name as it appears on the caption of this Order, which is consistent with the complaint. (See doc. no. 1, p. 1.)

disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)).

"[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. However, the parties' desire to seal court documents "'is immaterial' to the public right of access." Id. at 1247 (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)). In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Defendants request sealing of the following documents: 1) an email chain between a client of Plaintiff and Defendant Josh Trammell dated June 5, 2018 regarding a June supply order; 2) an email chain between a client of Plaintiff and Defendant Josh Trammell dated October 19, 2017 regarding a client order; and 3) an email from Jim Hitch to Defendant Josh

Trammell dated November 27, 2017 regarding a report from Plaintiff with an attached Sales by Customer Summary report. (Doc. nos. 49, 55.) Plaintiff requests sealing of the following documents: 1) an email containing YTD quota breakdowns for 2014 and 2015 dated November 27, 2017; 2) an email thread between Defendant Joshua Trammell and Stephanie Evans dated March 1, 2018; 3) Defendants' responses to Plaintiff's first interrogatories; 4) Plaintiff's customer list; 5) Defendants' supplemental responses to Plaintiff's first interrogatories; 6) Newhope Sales Report for April 30, 2019; and 7) Newhope Sales Report for July 30, 2019. (Doc. no. 52.)

Privacy and proprietary rights overcome the interest of the public to the extent these documents contain sensitive personal information or trade secrets such as patient names, internal cost information, customer lists, and sales data. However, much of the information in the exhibits at issue fall outside this scope and should be available to the public by way of redacted exhibits. The Court thus **GRANTS IN PART** the motions to seal (doc. nos. 49, 52, 55), **ORDERS** the Clerk of Court to designate and maintain all of the above-described exhibits as sealed; and **ORDERS** the parties to submit, on or before November 21, 2019, proposed redactions in yellow highlighter of these same exhibits by email to Courtnay_Capps@gas.uscourts.gov. After final approval of the redactions, the Court will instruct the parties to file the redacted exhibits for public access on the docket.

## II. Motion for Discovery Under Federal Rule of Civil Procedure 56(d)

On June 24, 2019, Plaintiff filed a motion for discovery under federal rule of civil procedure 56(d) requesting the Court to deny Defendants' motion for partial summary judgment, or alternatively, defer consideration of Defendants' motion for partial summary

3

judgment to allow time to complete discovery and supplement the record. (Doc. no. 25.) However, since filing the motion, the parties have fully completed discovery. This is evidenced by Plaintiff's responsive filing to Defendants' motion for partial summary judgment and Plaintiff's filing of its own motion for summary judgment. (Doc. no. 35; <u>see</u> doc. nos. 16, 46.) Accordingly, Plaintiff's motion is **MOOT**. (Doc. no. 25.)

SO ORDERED this 7th day of November, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA